1 | JOHN A. RUSSO, City Attorney - State Bar #129729
RANDOLPH W. HALL, Assistant City Attorney – State Bar #080142
2 | JAMES F. HODGKINS, Deputy City Attorney - State Bar #142561
One Frank H. Ogawa Plaza, 6th Floor
3 | Oakland, California  94612
Telephone:  (510) 637-0356
4 | 22349/300696

Fax:  (510) 238-6500

ORIGINAL
FILED

JAN 1 0 2003

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

5 | Attorneys for Defendant
CITY OF OAKLAND

6 | E-filing

7

8

9 | **UNITED STATES DISTRICT COURT**

10 | **NORTHERN DISTRICT OF CALIFORNIA**

ADR

11

12 | ARTHUR JENKINS

13 | Plaintiff,

14 | v.

15 | CITY OF OAKLAND, Officer C. Moreno,
Sergeant Bernard, Officer M. Beaver,
16 | Officer R. Holmgren, Officer G. Melero,
DOES 1-30 Inclusive,

17 | Defendants.

Case No.  C 03  0151  SI

**DEFENDANT'S PETITION FOR
REMOVAL OF ACTION TO FEDERAL
COURT**

18

19 | Petitioner, Defendant City of Oakland, states as follows:

20 | 1.  Defendant desires to exercise its rights under the provisions of Title 28 U.S.C. §1441,

21 | et seq. to remove this action from the Superior Court of the State of California, County

22 | of Alameda, Unlimited Jurisdiction, where this action is now pending as Arthur Jenkins

23 | v. City of Oakland, et al., Superior Court No. 2002-066150.

24 | 2.  This is an action of a civil nature in which the District Courts of the United States have

25 | been given original jurisdiction in that it arises, in part, under the laws of the United

26

-1-

PETITION FOR REMOVAL

States, as provided in 28 U.S.C. §1331 and, further, in that it arises out of Acts of Congress commonly known as 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

3. The date on or before which this defendant is required by the California Code of Civil Procedure and the Rules of Alameda County Superior Court to answer or otherwise plead to Plaintiff's complaint has not lapsed. Plaintiffs' complaint was served on Defendant on or about November 6, 2002 and the parties stipulated that Defendant must respond to the complaint by January 10, 2003. This Petition for Removal is filed in accordance with the requirements of 28 U.S.C. §1446.

4. Pursuant to the provisions of 28 U.S.C. §1446, Defendant attaches herewith and incorporates herein by reference, copies of the following documents served upon them in this action:

    (a) Summons

    (b) Complaint

5. As declared above, Defendant City of Oakland desires and is entitled to have this action removed from the Superior Court of the State of California for the County of Alameda, Unlimited Jurisdiction, to the United States District Court for the Northern District of California as such district is the district where the suit is pending and conditioned that Defendant will pay all costs and disbursements incurred by reason of these removal proceedings should it be determined that this action was not removable or was improperly removed.

6. Written notice of the filing of this Petition will be given to all parties to this action as required by law.

7.  A true copy of this petition will be filed with Alameda County Superior Court as provided by law.

8.  Defendant City of Oakland respectfully requests that this action be removed to this court and that this court accept jurisdiction of this action.  The aforementioned defendant further requests that this action be placed on the docket of this court for further proceedings as if this action had been originally filed in this court.

Dated: _January 10_ , 2003

JOHN A. RUSSO, City Attorney
RANDOLPH W. HALL, Assistant City Attorney
JAMES F. HODGKINS, Deputy City Attorney

By: _____
Attorneys for Defendant CITY OF OAKLAND

-3-

1  of California.  True copies of said Petition for Removal are attached hereto as Exhibit "A".

2

3

4  Dated: January 10    , 2003            JOHN A. RUSSO, City Attorney

5                                        RANDOLPH W. HALL, Assistant City Attorney
                                         JAMES F. HODGKINS, Deputy City Attorney
6

7

8                                        By: _____
                                         Attorneys for Defendant CITY OF OAKLAND
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF REMOVAL                                    ACSC LIMITED Case No. 2002 066150

Calendared by:
Julie D. Cornell

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**   *(Aviso a Acusado)*

City of Oakland, Officer C. Moreno, Sergeant Bernard, Officer M.
Beaver, Officer R. Holmgren, Officer G. Melero; and DOES 1 TO 30

FOR COURT USE ONLY

**YOU ARE BEING SUED BY PLAINTIFF.**

*(A Ud. le está demandando)*

Arthur Jenkins

| | |
|---|---|
| You have 30 CALENDAR DAYS after this summons is served on you to file a typewritten response at this court. | Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte. |
| A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case. | Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso. |
| If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court. | Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosas de su propiedad sin aviso adicional por parte de la corte. |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). | Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico). |

The name and address of the court is *(El nombre y dirección de la corte es)*

Superior Court of California, County of Alameda.
1225 Fallon Street
Oakland, CA 94607

**CASE NUMBER** *(Número del Caso)*

**2002066150**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*

Richard W. Meier (Bar # 40961)
Law Office of Richard W. Meier                                    Phone No. (510) 834-3600
11 Embarcadero West, Ste. 133
Oakland, California 94607

DATE   **SEP 2 5 2002**
*(Fecha)*

Clerk, by _____, Deputy
*(Actuario)*                   *(Delegado)*

| [SEAL] | NOTICE TO THE PERSON SERVED: You are served |
|---|---|
| | 1. ☐ as an individual defendant. |
| | 2. ☐ as the person sued under the fictitious name of *(specify)* |
| | 3. ☒ on behalf of *(specify)*: **City of Oakland** |
| | under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor) |
| | ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee) |
| | ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (individual) |
| | ☐ other: |
| | 4. ☐ by personal delivery on *(date)*. |

Form Adopted by Rule 982
Judicial Council of California
982(a)(9)1 (Rev. January 1, 1984)   Mandatory Form
*Judicial Council Forms for Plaintiffs*

*(See reverse for Proof of Service)*

**SUMMONS**

CCP 412.20
B&PC 21710

RICHARD W. MEIER, SBN 40961
LAW OFFICE OF RICHARD W. MEIER
11 Embarcadero West, Ste. 133
Oakland, CA 94607
Telephone:   510.834.3600
Telefax:      510.834.2648

Attorneys for Plaintiff
ARTHUR JENKINS

ENDORSED
FILED
ALAMEDA COUNTY

SEP 2 5 2002

CLERK OF THE SUPERIOR COURT
By Dorothy Duckett, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### IN AND FOR THE COUNTY OF ALAMEDA
### UNLIMITED JURISDICTION

ARTHUR JENKINS,

        Plaintiff,

    vs.

CITY OF OAKLAND, Officer C. Moreno,
Sergeant Bernard, Officer M. Beaver, Officer R.
Holmgren, Officer G. Melero; and DOES 1 TO 30,

        Defendants.

Case No.:

COMPLAINT   2 0 0 2 0 6 6 1 5 0

CIVIL RIGHTS & PERSONAL INJURY
**BY FAX**

Plaintiff ARTHUR JENKINS complains and alleges as follows:

### INTRODUCTION

This is an action for damages for personal injuries, emotional distress, and infringement of constitutional and common law rights suffered by plaintiff.

### PARTIES AND JURISDICTION

1.    Plaintiff was at all times relevant hereto a resident of the State of California, City of Oakland and County of Alameda.

2.    At all times relevant hereto, Defendant City of Oakland was and is a local public entity.

Complaint

-1-

3.     At all times relevant hereto, the City of Oakland Police Department Officer C. Moreno, Sergeant Bernard, Officer M. Beaver, Officer R. Holmgren, Officer G. Melero and Defendant DOES were employed by Defendant City of Oakland. Plaintiff is informed and believes that officers Officer C. Moreno, Sergeant Bernard, Officer M. Beaver, Officer R. Holmgren, Officer G. Melero are California residents.

4.     The true names and capacities of the defendants named herein as Does 1 through 30, inclusive, whether individual, corporate, associate, or otherwise, are unknown to plaintiff, who therefore sues such defendants by fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes that Doe defendants are California residents. Plaintiff will amend this complaint to show their true names and capacities when such names and capacities have been determined.

5.     Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned in this complaint defendants were the agents and employees of their codefendants, and, in doing the things alleged in this complaint, were acting in the course and scope of such agency and employment.

6.     All of the actions giving rise to this lawsuit occurred in the City of Oakland and County of Alameda.

## STATEMENT OF THE CASE

7.     Claimant was being questioned by City of Oakland Police Officers on 40th Avenue in Oakland, CA, which was not incident to an arrest and/or detention. Claimant was not struggling, and was unarmed. Claimant inquired why he was being questioned by the officer. At that point, the police officer exited his vehicle and grabbed Claimant pushing him into the side of the police vehicle, and he calling Claimant derogatory names. Eventually the officer released Claimant, and Claimant started simply walking away. The officer, however, shouted after Claimant, and several police vehicles approached Claimant. Claimant then turned and informed the officers that he would be detained voluntarily if that was what the officers commanded. The officers, however, simply attacked Claimant, punching and kicking him into submission. One officer put Claimant into a headlock, another kicked

*Complaint*

1  him in the ribs and face breaking Claimant's nose. Claimant was thrown to the ground, and the beating

2  continued. Claimant's blood was everywhere, an officer stepped on Claimant's head and called him "a

3  stupid punk". The officer also told Claimant, "when the law tells you to jump, you ask how high," and

4  all of the other officers laughed at Claimant's beating. The attack lasted over 10 minutes. After the

5  brutal attack, the officers took Claimant to Alameda County Hospital. Since this incident, plaintiff has

6  experienced tremendous pain and suffering, and extreme and severe emotional distress. The individual

7  City of Oakland Police Department officers believed to be involved in the incident are Defendants

8  Officer C. Moreno, Sergeant Bernard, Officer M. Beaver, Officer R. Holmgren, and Officer G. Melero.

9
### FIRST CAUSE OF ACTION
#### (42 U.S.C. § 1983)
#### (Against Defendants, and Does 1-30)

10

11      8.  The allegations of paragraphs 1 through 7 are realleged and incorporated herein by reference.

12      9.  This cause of action is asserted against defendants as described in paragraphs 1 through 7,

13  violated plaintiff's constitutionally protected rights, including, but not limited to, the following:

14          (a)    The right to be free from unreasonable searches and seizures, as guaranteed by the

15  Fourth Amendment of the United States Constitution;

16          (b)    The right not to be deprived of life or liberty without due process of law, as

17  guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution;

18          (c)    The right to be free from excessive and unreasonable force by police officers, as

19  guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

20      10. The acts of defendants, as described in paragraphs 1 through 7, were committed under color

21  of law.

22      11. As a proximate result of defendants' wrongful conduct, plaintiff suffered injuries and

23  damages as set forth below.

24          WHEREFORE, plaintiff prays for relief as set forth herein.

25

*Complaint*

1
2

## SECOND CAUSE OF ACTION
### (Assault and Battery)
### (Against All Defendants)

3  12. The allegations of paragraphs 1 through 7 are realleged and incorporated herein by reference.

4  13. Defendant City of Oakland, police officers Defendants Officer C. Moreno, Sergeant Bernard,

5  Officer M. Beaver, Officer R. Holmgren, and Officer G. Melero committed assault and battery against

6  plaintiff by kicking, punching and manhandling plaintiff, and placing plaintiff's wrists in handcuffs that

7  were so tight as to cause damages to plaintiff's wrists.

8  14. Defendant police officers' conduct was neither privileged nor justified under statute or

9  common law.

10  15. As a proximate result of defendants' wrongful conduct, plaintiff suffered injuries and

11  damages as set forth below.

12  WHEREFORE, plaintiff prays for relief as set forth herein.

13

14

## THIRD CAUSE OF ACTION
### (False Arrest and Imprisonment)
### (Against All Defendants)

15  16. The allegations of paragraphs 1 through 7 are realleged and incorporated herein by reference.

16  17. Defendant City of Oakland, Defendanats Officer C. Moreno, Sergeant Bernard, Officer M.

17  Beaver, Officer R. Holmgren, Officer G. Melero police officers arrested and imprisoned plaintiff

18  without probable cause. Defendant police officers could not have reasonably believed that plaintiff had

19  violated the law.

20  18. Defendant police officers failed to observe proper police procedures in arresting and

21  imprisoning plaintiff, and exceeded the limits of their authority as peace officers in falsely arresting and

22  imprisoning plaintiff without probable cause.

23  19. As a proximate result of defendants' wrongful conduct, plaintiff suffered injuries and

24  damages as set forth below.

25  WHEREFORE, plaintiff prays for relief as set forth herein.

*Complaint*

-9-

## FOURTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Against All Defendants)

20. The allegations of paragraphs 1 through 7 are realleged and incorporated herein by reference.

21. The acts of defendants including Officer C. Moreno, Sergeant Bernard, Officer M. Beaver, Officer R. Holmgren, Officer G. Melero, as described in paragraphs 1 through 7, were extreme and outrageous and beyond the scope of conduct that should be tolerated by citizens in a democratic and civilized society.

22. Defendants committed such acts with the intent to inflict severe mental and emotional distress on plaintiff.

23. As a proximate result of defendants' wrongful conduct, plaintiff suffered severe mental and emotional distress, as set forth below.

WHEREFORE, plaintiff prays for relief as set forth herein.

## FIFTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)
### (Against All Defendants)

24. The allegations of paragraphs 1 through 7 are realleged and incorporated herein by reference.

25. The acts of defendants including Officer C. Moreno, Sergeant Bernard, Officer M. Beaver, Officer R. Holmgren, Officer G. Melero, as described in paragraphs 1 through 7, were extreme and outrageous and beyond the scope of conduct that should be tolerated by citizens in a democratic and civilized society.

26. In committing such acts, defendants acted negligently.

27. As a proximate result of defendants' wrongful conduct, plaintiff suffered severe mental and emotional distress, as set forth below.

WHEREFORE, plaintiff prays for relief as set forth herein.

*Complaint*

## SIXTH CAUSE OF ACTION
### (California Civil Code §52.1)
### (Against All Defendants)

28. The allegations of paragraphs 1 through 7 are realleged and incorporated herein by reference.

29. The acts of defendants, as described in paragraphs 1 through 7, violated California Code of Civil Procedure section 52.1, in that they interfered with plaintiff's exercise and enjoyment of his civil rights, as enumerated above, including the right to be free from violence and the threat of violence, through the use of wrongful force, false arrest and imprisonment.

30. As a direct result of defendants' violation of Civil Code section 52.1, plaintiff suffered violation of his constitutional rights, as set forth below.

WHEREFORE, plaintiff prays for relief as set forth herein.

## SEVENTH CAUSE OF ACTION
### (Negligence)
### (Against All Defendants)

31. The allegations of paragraphs 1 through 7 are realleged and incorporated herein by reference, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages as to Defendants Officer C. Moreno, Sergeant Bernard, Officer M. Beaver, Officer R. Holmgren, Officer G. Melero.

32. At all times mentioned herein, defendants were subject to a duty of care to avoid causing unnecessary physical harm and distress to citizens in their exercise of the police function. The conduct of defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable police officers.

33. As a proximate result of defendants' negligent conduct, plaintiff suffered damages as set forth below.

WHEREFORE, plaintiff prays for relief as set forth herein.

*Complaint*

-6-

**CLAIM REQUIREMENT**

54. Plaintiff has complied with all applicable administrative claims requirements under California law.

**DAMAGES**

55. As a proximate result of defendants' conduct, plaintiff suffered pain and physical injuries.

56. As a further proximate result of defendants' conduct, plaintiff suffered severe emotional and mental distress, fear, terror, anxiety, humiliation, embarrassment, and loss of his sense of security, dignity and pride as an American citizen.

57. As a further proximate result of defendants' conduct, plaintiff has incurred medical expenses and lost time from his usual occupation.

58. Defendants and their employees committed the acts alleged in this complaint maliciously, fraudulently, and oppressively, with the wrongful intention of injuring plaintiff, from an improper motive amounting to malice, and in conscious disregard of his rights. Thus, plaintiff is entitled to punitive damages from Defendants.

59. Plaintiff was required to retain private counsel to vindicate his rights under law. Plaintiff is therefore entitled to an award of all attorneys fees incurred in relation to this action for violation of his civil rights.

WHEREFORE, plaintiffs request relief as follows:

1. For general damages, according to proof;

2. For special damages, according to proof;

3. For punitive damages against the individually named police officers, according to proof;

4. For exemplary damages in the amount of $25,000 for each violation pursuant to California Civil Code section 52.1(b);

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988 and California Civil Code section 52.1(h);

*Complaint*

-7-

1    6.    For costs of suit; and

2    7.    For such other and further relief as the Court may deem just and proper.

3    Dated: September 20, 2002                    LAW OFFICE OF RICHARD W. MEIER

4                                                 By

5                                                    RICHARD W. MEIER

6                                                 Attorneys for Plaintiffs
                                                  ARTHUR JENKINS
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Complaint*